IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RONALD WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO: |
| | ) | |
| SOO LINE RAILROAD COMPANY, | ) | **JURY DEMAND** |
| a For-Profit Foreign Corporation and a | ) | |
| subsidiary of Canadian Pacific | ) | |
| Railway, and CANADIAN PACIFIC | ) | 2  14CV 001 |
| RAILWAY, a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

-FILED-

JAN 02 2014

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## COMPLAINT-AT-LAW

### COUNT I
### FEDERAL EMPLOYERS' LIABILITY ACT

NOW COMES the Plaintiff, RONALD WARD, by his attorneys, SANDS & ASSOCIATES, and complaining against the Defendants, SOO LINE RAILROAD COMPANY, a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway (hereinafter "Soo Line"), and CANADIAN PACIFIC RAILWAY, a foreign corporation, hereinafter referred to as "CP Rail," states:

1. This action arises under a statute of the United States, to-wit: the Federal Employers' Liability Act, Title 45, U.S.C.A., §§51-60, inclusive and that by reason of the employment of the Plaintiff, Ronald Ward, as a railroad employee by the Defendant, CP Rail, as hereinafter set forth, the Plaintiff is entitled to maintain this action against the Defendants

under the provisions of the Federal Employers' Liability Act and the amendatory and supplemental statutes of the Act.

2.  On and prior to June 8, 2013, the Defendant, CP Rail, and its subsidiary, Soo Line, were railroad corporations duly organized and existing and were then and there in possession of road beds and yards on and in which the railroad laid and maintained tracks and rails for use in conveyance of freight for hire in the United States, Indiana, Illinois and Minnesota, and further said railroads did own, maintain, operate, and/or control certain road beds, yards, locomotives, and other equipment and appurtenances located at and around the CSA District, Windsor, Ontario, Canada.

3.  On and prior to June 8, 2013, the Defendant, CP Rail, and its subsidiary, Soo Line, and each of them, were railroad corporations duly organized and existing and held agreements, contracts, considerations, trackage rights and haulage rights with certain railroads, including the Norfolk Southern Railroad and CSX Transportation and other United States Short Line Partners, to use these railroads' road beds, yards, and rails for use in conveyance of freight for hire in the United States including rails and yards in Lake and Porter Counties in Indiana.

4.  That on and prior to June 8, 2013, Defendant, CP Rail, was a foreign corporation headquartered in Calagary, Alberta, Canada, and licensed and registered to do business in the United States, specifically Indiana, under the assumed name of Canadian

Pacific Railway with the entity legal name of Soo Line Railroad Company with its registered agent in Indianapolis, Indiana.

5. On June 8, 2013, the Plaintiff, Ronald Ward, a resident of Elkhart County, Indiana, was employed by the Defendant, CP Rail, as a locomotive engineer, and part or all of his duties were in the furtherance of interstate commerce and directly and closely affected such commerce, and their mutual rights and liabilities were governed by the provisions of the Federal Employers' Liability Act, and the Plaintiff brings this action under the specific provisions of this Act and the amendatory and supplemental statutes thereto.

6. On June 8, 2013, the Plaintiff, Ronald Ward, was assigned what is commonly known as the "Windsor (Canada) to Elkhart (Indiana)" job and was operating CP Rail locomotive number 8905.

7. On June 8, 2013, just prior to Plaintiff's departure from Windsor, Ontario, Canada, the Plaintiff sat in CP Rail locomotive number 8905 engineer's seat and the CP Rail locomotive number 8905 engineer's seat then and there collapsed causing the Plaintiff to fall backwards injuring his back and left shoulder.

8. The Plaintiff, Ronald Ward, was acting at all times herein within the scope of his employment and in furtherance of the Defendants' business, and it was Defendants' non-delegable duty to exercise ordinary care to furnish the Plaintiff with a reasonably safe place to work.

9. That at the time and place aforesaid, the Defendants, CP Rail and Soo Line, were guilty of one or more of the following acts or omissions in violation of the Federal Employer's Liability Act:

   (a) Carelessly and negligently failed to provide the Plaintiff with a reasonably safe place to work;

   (b) Carelessly and negligently failed to maintain and keep in good condition the engineer's seat on locomotive 8905;

   (c) Carelessly and negligently failed to have its mechanical department inspect the engineer's seat on locomotive 8905;

   (d) Carelessly and negligently failed to warn the Plaintiff of the dangerous and unsafe condition of the engineer's seat on locomotive 8905, when the Defendants knew or in the exercise of ordinary care should have known, of both the risk of harm and unsafe condition of its engineer's seat;

   (e) Carelessly and negligently permitted the engineer's seat on locomotive 8905 to be and remain in an unsafe and dangerous condition;

   (f) Carelessly and negligently failed to keep its locomotive systems and components free of conditions that endanger the safety of the crew, locomotive or train by providing a locomotive seat that created a personal injury hazard in violation of the Federal Railroad Administration Code of Federal Regulations 49 C.F.R. §229.45 General Condition; and/or

   (g) Carelessly and negligently violated 49 C.F.R. 229.119(a) by failing to provide a locomotive caba seat that was securely mounted and braced.

10. That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, CP RAIL and Soo Line, the Plaintiff, Ronald Ward, sustained injuries to his back, left shoulder, and other parts of his body, causing him to experience great pain and suffering which he will continue to experience in the future; that

he was caused to and will continue to expend sums of money in endeavoring to be cured of his injuries; that he has been and in the future will be deprived from attending to his usual affairs and occupations thereby losing large amounts of earnings past and future.

11.   Plaintiff demands trial by Jury.

WHEREFORE, the Plaintiff, Ronald Ward, demands judgment against the Defendants, SOO LINE RAILROAD COMPANY, a For-Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway, and CANADIAN PACIFIC RAILWAY, a foreign corporation, and each of them, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this suit.

## COUNT II
## (THE LOCOMOTIVE INSPECTION ACT)

NOW COMES the Plaintiff, Ronald Ward, by his attorneys, SANDS & ASSOCIATES, and complaining of the Defendants, SOO LINE RAILROAD COMPANY, a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway (hereinafter "Soo Line"), and CANADIAN PACIFIC RAILWAY, a foreign corporation, hereinafter referred to as "CP Rail," states:

### JURISDICTION

This action arises under a statute of the United States to-wit: the Federal Employers' Liability Act, Title 45, U.S.C.A., §§51-60, inclusive, and the Locomotive Inspection Act, Title 49 U.S.C.A., §§ 20701 - 20702 inclusive (formerly the Boiler Inspection Act, Title 45 U.S.C.A., §23) and that by reason of the employment of the Plaintiff, Ronald Ward, as a

railroad employee of the Defendant, CP RAIL, as hereinafter set forth, the Plaintiff is entitled to maintain this action against the Defendants under the provisions of the Federal Employers' Liability Act and the Locomotive Inspection Act (formerly the Boiler Inspection Act) and the amendatory and supplemental statutes thereto and thereof.

## THE ACTION

1. Pursuant to Locomotive Inspection Act, 49 U.S.C.A. §20701, a "railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances are in proper condition and safe to operate without unnecessary danger of personal injury."

2. On and prior to June 8, 2013, the Defendant, CP Rail, and its subsidiary, Soo Line, were railroad corporations duly organized and existing and were then and there in possession of road beds and yards on and in which the railroad laid and maintained tracks and rails for use in conveyance of freight for hire in the United States, Indiana, Illinois and Minnesota, and further said railroads did own, maintain, operate, and/or control certain road beds, yards, locomotives, and other equipment and appurtenances located at and around the CSA District, Windsor, Ontario, Canada.

3. On and prior to June 8, 2013, the Defendant, CP Rail, and its subsidiary, Soo Line, and each of them, were railroad corporations duly organized and existing and held agreements, contracts, considerations, trackage rights and haulage rights with certain railroads, including the Norfolk Southern Railroad and CSX Transportation and other United

States Short Line Partners, to use these railroads' road beds, yards, and rails for use in conveyance of freight for hire in the United States including rails and yards in Lake and Porter Counties in Indiana.

4. That on and prior to June 8, 2013, Defendant, CP Rail, was a foreign corporation headquartered in Calagary, Alberta, Canada, and licensed and registered to do business in the United States, specifically Indiana, under the assumed name of Canadian Pacific Railway with the entity legal name of Soo Line Railroad Company with its registered agent in Indianapolis, Indiana.

5. On June 8, 2013, the Plaintiff, Ronald Ward, a resident of Elkhart, Indiana, was employed by the Defendant, CP RAIL, as a locomotive engineer, and part or all of his duties were in the furtherance of interstate commerce and directly and closely affected such commerce, and their mutual rights and liabilities were governed by the provisions of the Federal Employers' Liability Act and the Locomotive Act (formerly the Boiler Inspection Act), and the Plaintiff brings this action under the specific provisions of said Acts and the amendatory and supplemental statutes thereto and thereof.

6. On June 8, 2013, the Plaintiff, Ronald Ward, was assigned what is commonly known as the "Windsor (Canada) to Elkhart (Indiana)" job and was operating CP Rail locomotive number 8905.

7. On June 8, 2013, just prior to Plaintiff's departure from Windsor, Ontario, Canada, the Plaintiff sat in CP Rail locomotive number 8905 engineer's seat and the CP Rail

locomotive number 8905 engineer's seat then and there collapsed causing the Plaintiff to fall backwards injuring his back and left shoulder.

8.     On the date and time complained of, the engineer's seat on CP Rail's locomotive 8905 was allowed and permitted to remain in an unsafe condition, to-wit: the seat back on said locomotive collapsed while being used for its intended purpose.

9.     On June 8, 2013, the Defendants violated the Locomotive Inspection Act, 49 C.F.R. 229.119(a), by failing to provide a locomotive cab seat that was securely mounted and braced.

10.    On June 8, 2013, the Defendants further violated the Locomotive Inspection Act, 49 C.F.R. 229-45 - General conditions, by endangering the safety of the crew by allowing insecure attachment of components that create a personal injury hazard and components that improperly function.

11.    That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, CP Rail and Soo Line, and each of them, and by reason of the defective and dangerous condition of the aforesaid engine and its parts and appurtenances, specifically the engineer's seat, in violation of the provisions of the Locomotive Act, the Plaintiff, Ronald Ward, sustained serious, disabling and permanent injuries to his back, left shoulder, and other parts of his body, causing him to experience great pain and suffering which he will continue to experience in the future. That he was caused to and will continue to expend sums of money in endeavoring to be cured of his injuries; that

he has been and in the future will be deprived from attending to his usual affairs and occupations thereby losing large amounts of earnings and benefits past and future.

12. Plaintiff demands trial by jury.

WHEREFORE, the Plaintiff, RONALD WARD, demands judgment against the Defendant, SOO LINE RAILROAD COMPANY d/b/a CANADIAN PACIFIC RAILWAY, in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), plus costs of this suit.

SANDS & ASSOCIATES

By: _____

Scott C. Sands

Sands & Associates
Scott C. Sands,
Attorney for the Plaintiff
230 W. Monroe St., #1900
Chicago, IL 60606
312-236-4980
scsands@ameritech.net