IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
RONALD WARD,                    )
                                )
Plaintiff,                      )
                                )
vs.                             )   CAUSE NO. 2:14-CV-00001
                                )
SOO LINE RAILROAD               )
COMPANY d/b/a CANADIAN          )
PACIFIC, et al.,                )
                                )
Defendant.                      )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) Defendant's Motion for Judgment on the Pleadings, filed by Defendant, Soo Line Railroad Company d/b/a Canadian Pacific ("CP Rail"), on July 17, 2015 (DE #36); and (2) Plaintiff's Motion for Status Conference, filed by Plaintiff, Ronald Ward, on September 14, 2015 (DE #39). The Motion for Judgment on the Pleadings (DE #36), which is uncontested, is **GRANTED** and Counts I and II of the second amended complaint are **DISMISSED WITH PREJUDICE**. The Court notes that Count III of the second amended complaint, for negligence, remains pending. The Plaintiff's Motion for a Status Conference (DE #39) is **GRANTED** and it is hereby **ORDERED** that the parties appear before this Court, 5400 Federal Plaza, Hammond, Indiana, on **October 20, 2015, at 1:00 p.m.**

DISCUSSION

Defendant filed its motion and memorandum of law in support of the motion for judgment on the pleadings with regards to Count I and Count II of the second amended complaint (DE ##36, 37) on July 17, 2015. On September 14, 2015, Plaintiff Ronald Ward, filed a submission stating "Plaintiff is not contesting Soo Line Railroad's Motion for Judgment on the Pleadings, as to Count I and Count II." (DE #39, p. 1.)

The pleadings filed by the parties in this case establish that the events and injuries giving rise to Plaintiff's cause of action occurred in Canada. The Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, does not have extraterritorial effect, and case law bars the recovery under FELA by American citizens for injuries sustained outside the United States. *See, e.g., Priestman v. Canadian Pacific Ltd.*, 782 F.Supp. 681, 683 (D. Me. 1992); *New York Cent. R.R. Co. v. Chisholm*, 268 U.S. 29, 31 (1925); *Boak v. Consol. Rail Corp.*, 850 F.2d 110 (2d Cir. 1988). As such, Plaintiff is entitled to judgment as a matter of law on Count I.

Regarding Count II, the Locomotive Inspection Act, 29 U.S.C. § 20701, "does not create a right to sue but merely establishes a safety standard, the failure to comply with that standard is negligence per se under the FELA." *Coffey v. Northeast Illinois Regional Commuter Railroad Corporation (METRA)*, 479 F.3d 472, 477 (7th Cir. 2007) (citing *Urie v. Thompson*, 337 U.S. 163, 188-89 and

n.30 (1949)). As explained in *Urie*, "an employee injury suit alleging violation of the Broiler Inspection Act [predecessor to the Locomotive Inspection Act] is brought under the Federal Employers' Liability Act . . . ." (*Id.* at n. 30.) Thus, a plaintiff cannot maintain a stand-alone action under the Locomotive Inspection Act. As such, Count II is dismissed as well.

CONCLUSION

For the reasons set forth above, the Motion for Judgment on the Pleadings (DE #36), which is uncontested, is **GRANTED** and Counts I and II of the second amended complaint are **DISMISSED WITH PREJUDICE**. The Court notes that Count III of the second amended complaint, for negligence, remains pending. The Plaintiff's Motion for a Status Conference (DE #39) is **GRANTED** and it is hereby **ORDERED** that the parties appear before this Court, 5400 Federal Plaza, Hammond, Indiana, on **October 20, 2015, at 1:00 p.m.**

**DATED: September 22, 2015**  /S/RUDY LOZANO, Judge  
**United States District Court**