**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| RONALD WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-1-RL-PRC |
| | ) | |
| SOO LINE RAILROAD COMPANY d/b/a | ) | |
| CANADIAN PACIFIC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Soo Line Railroad Company d/b/a Canadian Pacific's Motion to Consolidate [DE 44], filed on November 16, 2015. Defendant requests that this matter be consolidated with *Ronald Ward v. Soo Line Railroad Company d/b/a Canadian Pacific Railway, GE Transportation, Nordic Group of Companies Ltd., and Seats Incorporated*, cause number 2:15-CV-400-RLM-JEM. No response has been filed, and the time to do so has passed.

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "as the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008).

The instant lawsuit was filed in this Court on January 2, 2014. The only claim remaining in

this litigation is the negligence claim in Count III of the Second Amended Complaint.

On June 3, 2015, Ward filed the 2:15-CV-400 lawsuit in the Circuit Court of Cook County, Illinois, which was removed to the United States District Court for the Northern District of Illinois on July 6, 2015, and then transferred to this Court on October 20, 2015. Count I, brought against Defendant Soo Line Railroad alleges negligence. Counts II and III, brought against Seats, Incorporated. allege strict product liability, manufacturer defect, design defect, and negligence. Counts IV and V have been dismissed. Counts VI and VII, brought against Nordic Group of Companies, Ltd. allege strict product liability, manufacturer defect, design defect, and negligence. Count VIII, brought against GE Transportation, alleges negligence. On November 3, 2015, Defendants Nordic Group of Companies, Ltd. and Seats Incorporated filed a Motion to Dismiss as did Defendant GE Transportation on November 12, 2015.

Plaintiff is represented by the same attorney in both actions. Canadian Pacific is a defendant in both cases, and the allegations made against Canadian Pacific by Plaintiff in both Complaints are essentially identical. Thus, Canadian Pacific's liability to Plaintiff is at issue in both cases. The questions of law and fact regarding Canadian Pacific's liability to Plaintiff are essentially identical in both cases. Consolidation of Plaintiff's claims against Canadian Pacific and the other named Defendants will eliminate the risk of inconsistent adjudications. In addition, consolidation will save substantial time and expense and reduce the burdens on the Court, the parties, and the witnesses. Both cases concern the same incident and injuries. The legal issues will be the same. There appears to be no prejudice to any party. Counsel for Defendant represents that he has contacted counsel of record in both lawsuits, and no party objects to consolidation of the two cases.

Accordingly, in the interest of judicial economy, the Court hereby **GRANTS** Defendant Soo

Line Railroad Company d/b/a Canadian Pacific's Motion to Consolidate [DE 44] and **ORDERS**

consolidation of cause numbers 2:14-CV-1-RL-PRC and 2:15-CV-400-RLM-JEM.

All future filings shall be made in 2:14-CV-1-RL-PRC **only**.

SO ORDERED this 10th day of December, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT